## UNITED STATES DISTRICT COURT FOR THE
## WESTERN DISTRICT OF TEXAS
## SAN ANTONIO DIVISION

| | | |
|---|---|---|
| FLORENTINO L. MATA., | § | |
| | § | |
| *Plaintiff*, | § | |
| | § | |
| v. | § | |
| | § | Civil Action No.  SA-10-CV-838-XR |
| HONORABLE JOHN McHUGH, | § | |
| SECRETARY, DEPARTMENT OF THE | § | |
| ARMY, | § | |
| | § | |
| *Defendant*. | | |

### ORDER ON MOTION FOR SUMMARY JUDGMENT

On this date, the Court considered Defendant's Motion for Summary Judgment and Plaintiff's reply. (Docket No. 32).  For the reasons stated below, Defendant's motion is GRANTED.

### Background

Plaintiff, Florentino L. Mata, was employed as an civil engineer by the United States Army South (USARSO) from 2004-2008. On October 10, 2006, Plaintiff filed an administrative grievance, accusing his supervisors, Michael Swenty and Nicholas DeGreef, of improperly using department funds to cover personal expenses and of allowing his co-worker, Rosa Santoni to falsify a welding certification required for the construction of a school building in Honduras. Plaintiff alleges that he was suspended and ultimately removed from employment, at least in part, because of his whistle blowing activities. Plaintiff also alleges that his suspension and removal were the result of discrimination based on his age, race, gender, and national origin in violation of the Age Discrimination Employment Act (ADEA) and Title VII of the Civil Rights Act of 1964. Plaintiff brought his complaints to the Merit System Protection Board (MSPB). After a review of the

evidence, the MSPB found that Plaintiff failed to establish that his suspension and removal constituted retaliation for whistle blowing activities or were the result of discrimination based on age, race, gender, and national origin. Plaintiff appeals the decisions of the MSPB to this Court. Plaintiff also brings a claim under the Privacy Act of 1974. He alleges Defendant violated his rights under the Act by releasing his resume to the Texas Board of Professional Engineers (TBPE) without Plaintiff's consent.

## I.      Title VII and ADEA Discrimination Claims

### A.      *Legal Standard*

Plaintiff alleges he was removed from employment in violation of Title VII and the ADEA. Title VII prohibits an employer from discriminating against any individual with respect to his compensation, terms, conditions, or privileges of employment because of his race, color, religion, sex, or national origin. 42 U.S.C. § 2000e-2(a)(1). The ADEA prohibits similar discrimination based on an individual's age. 29 U.S.C. § 623(a)(3). The MSPB determined that Plaintiff failed to prove his claims of discrimination. The Court, however, reviews the Plaintiff's discrimination claims *de novo*. *See Aldrup v. Caldera*, 274 F. 3d. 282, 285-87 (5th Cir. 2001).

The elements of the prima facie case of discrimination are the same under Title VII and the ADEA. *Bodenheimer v. PPG Indus., Inc.,* 5 F.3d 955, 957 (5th Cir.1993). An employee must demonstrate that (1) he was a member of a protected class; (2) he was qualified for the position; (3) he was subject to an adverse employment action; and (4) he was replaced by someone outside the protected class, or, in the case of disparate treatment, he was treated less favorably than other similarly situated employees outside the protected class. *Bryan v. McKinsey & Co.,* 375 F.3d 358, 360 (5th Cir.2004). If the plaintiff establishes the elements of the prima facie case, then the burden

2

shifts to the defendant to rebut the plaintiff's case by articulating a legitimate, nondiscriminatory reason for the adverse employment action. *McDonnell Douglas,* 411 U.S. at 802. If the defendant presents such a reason, then the burden shifts back to the plaintiff. For Title VII claims, the plaintiff must show that the defendant's reasons for the adverse employment action are either (1) not true and mere pretexts for discrimination; or (2) are true, but that another motivating factor is a protected characteristic. *Id.* at 804-05.  For ADEA claims, the plaintiff must show that but for the plaintiff's age, the adverse employment action would not have occurred. *Gross v. FBL Fin. Services, Inc.*, 557 U.S. 167, 167 (2009), *see also* 29 U.S.C.A. § 623(a)(1).

The Court will grant summary judgment if the record shows that there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a). "A fact is material only if its resolution would affect the outcome of the action." *Wiley v. State Farm Fire & Cas. Co.,* 585 F.3d 206, 210 (5th Cir.2009). Thus, a genuine issue of material fact exists if the evidence is such that a reasonable jury could return a verdict for the nonmoving party. *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248, 106 S.Ct. 2505 (1986), *Bayle v. Allstate Ins. Co.,* 615 F.3d 350, 355 (5th Cir.2010).

The moving party bears the initial burden of informing the Court of the basis for the motion and of identifying those portions of the record which demonstrates the absence of a genuine issue of material fact. *Celotex Corp. v. Catrett,* 477 U.S. 317, 323, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986). The burden then shifts to the nonmoving party to establish the existence of a genuine issue for trial. *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.,* 475 U.S. 574, 585–87, 106 S.Ct. 1348 (1986), *Wise v. E.I. Dupont de Nemours & Co.,* 58 F.3d 193, 195 (5th Cir.1995). The parties may satisfy their respective burdens by tendering depositions, affidavits, and other competent evidence.

*Topalian v. Ehrman,* 954 F.2d 1125, 1131 (5th Cir.1992).

When ruling on a motion for summary judgment, the Court is required to view all facts and inferences in the light most favorable to the nonmoving party and resolve all disputed facts in favor of the nonmoving party. *Boudreaux v. Swift Transp. Co., Inc.,* 402 F.3d 536, 540 (5th Cir.2005). Further, the Court "may not make credibility determinations or weigh the evidence" in ruling on a motion for summary judgment. *Reeves v. Sanderson Plumbing Prods., Inc.,* 530 U.S. 133, 150, 120 S.Ct. 2097, 147 L.Ed.2d 105 (2000); *Anderson,* 477 U.S. at 254–55.

B.    Analysis

It is undisputed that Plaintiff is a member of a protected class. Plaintiff is 52 years of age, a Hispanic male, and of Mexican national origin. Plaintiff is thus protected under Title VII and the ADEA from discrimination based on age, race, gender, and national origin. It is also undisputed that Plaintiff was qualified for his position of civil engineer and that he was subject to an adverse employment action. Plaintiff received an official reprimand, was suspended from work on two occasions, and was ultimately fired. Plaintiff did not allege any facts establishing that he was replaced by someone outside the protected class. Thus, in order to establish the prima facie case for discrimination, Plaintiff must demonstrate with factual support that he was treated less favorably than other similarly situated employees outside the protected class. An employee is considered similarly situated if he or she engaged in "nearly identical" conduct and was not removed or otherwise disciplined. *See Anthony v. Donahoe*, 460 F. App'x 399 (5th Cir. 2012)*, Mayberry v. Vought Aircraft Co.,* 55 F.3d 1086, 1090 (5th Cir.1995). In making this comparison, the Court should assess whether the employees "held the same job or responsibilities, shared the same supervisor or had their employment status determined by the same person, and have essentially

4

comparable violation histories." *Lee v. Kansas City Southern Ry. Co.,* 574 F.3d 253, 260 (5th Cir.2009).

Plaintiff failed to present facts demonstrating to the Court that other employees were similarly situated. First, Plaintiff did not establish that other employees engaged in similar conduct. Plaintiff claims disparate treatment based on the fact that Defendant did not remove Mr. Swenty, Mr. DeGreef, Ms. Santoni, and Major Huerta for misusing department funds. But Plaintiff does not allege that he was removed for wasting funds. Rather, Defendant claims he was removed for failure to follow instructions and for disrespectful conduct toward his co-workers. Second, Plaintiff did not establish that Mr. Swenty, Mr. DeGreef, Ms. Santoni, and Major Huerta performed comparable job functions or shared the same supervisor. To the contrary, Plaintiff admits that Mr. Swenty and Mr. DeGreef were his supervisors and that Major Huerta was active military duty whereas Plaintiff was a civilian employee. Additionally, Plaintiff admits that he and Ms. Santoni did not share the same supervisor. Because Plaintiff fails to demonstrate how these other employees were similarly situated, the Court cannot assess whether Plaintiff was treated differently due to his age, race, gender, or national origin. *Cf Sizemore v. Dolgencorp of Texas, Inc.,* 4:10-CV-650, 2012 WL 1969951 (E.D. Tex. June 1, 2012)(finding two store managers involved in incidents where a bank deposit went missing were similarly situated because they had the same job title and description).Without a showing that Plaintiff was treated differently than similarly situated employees, the Court finds Plaintiff has not established a prima facie case of discrimination. Otherwise, Plaintiff only proves his subjective belief and conclusory statements that he was discriminated against because of his age, race, gender, and national origin. *See Bauer v. Albemarle Corp.,* 169 F.3d 962, 967 (5th Cir. 1999)("This court has consistently held that an employee's 'subjective belief of discrimination' alone

is not sufficient to warrant judicial relief.") Plaintiff argues that a memorandum written by Col Casias dated November 1, 2007 constituted evidence of discrimination. The Court has reviewed the memorandum. Although Col. Casias concludes that Plaintiff's letter of reprimand dated August 11, 2006 should be removed, there is no discussion of age, race, gender, and national origin discrimination. Because Plaintiff failed to establish a prima facie case, the Court grants summary judgment in favor of Defendant on the discrimination claim.

## II.     ADEA Retaliation Claim

### A.     Legal Standard

Plaintiff alleges that he was fired in retaliation for reporting age discrimination. The ADEA prohibits employers from retaliating against federal employees for "opposing  any practice made unlawful by [the ADEA], or because....[they have made] a charge, testified, assisted, or participated in any manner in an investigation, proceeding, or litigation under [the ADEA]. ADEA § 4(d), 29 U.S.C. § 623(d); *see Holt v. JTM Indus., Inc.,* 89 F.3d 1224, 1225-26 (5th Cir.1996).To establish a prima facie case for retaliation under the ADEA, the plaintiff must show that (1) he engaged in a protected activity; (2) he was subject to an adverse employment action; and (3) a causal link existed between the protected activity and the adverse employment action. If the plaintiff establishes a prima facie case, the defendant must counter with a legitimate, non-discriminatory reason for the adverse employment action. *Seaman v. CSPH, Inc.,* 179 F.3d 297, 301 (5th Cir.1999). Once the defendant proffers a legitimate, non-discriminatory reason for the adverse action, the burden shifts back to the plaintiff to show that the defendant's reason is either (1) not true and a  mere pretext for retaliation; or (2) is true, but that another motivating factor is the protected activity. *Everett v. Cent. Mississippi, Inc. Head Start Program*, 444 F. App'x 38, 43-44 (5th Cir. 2011)*.*

B.    *Analysis*

Defendant does not deny that Plaintiff engaged in the protected activity of reporting age discrimination or that he was subject to an adverse employment action when he was fired. The dispute in this case is whether there was a causal connection between the protected activity and the adverse employment action. Plaintiff suggests that the temporal proximity between his protected activity and his removal  is evidence of a causal link. Plaintiff was removed six months after he filed a discrimination complaint with the EEO. Temporal proximity is sufficient to establish causality if that proximity is "very close" in time. *Everett*, 444 F. App'x at 46 (citing *Clark Cnty. Sch. Dist. v. Breeden,* 532 U.S. 268, 273, 121 S.Ct. 1508 (2001)). The Fifth Circuit has determined that a six month gap is too long to establish causality. *See, e.g., Raggs v. Miss. Power & Light Co.,* 278 F.3d 463, 471–72 (5th Cir.2002) (holding five month period alone is  not sufficient to establish a causal link);*see also Barkley v. Singing River Elec. Power Ass'n,* 433 Fed.Appx. 254, 260 (5th Cir.2011)(holding four-month period alone is not sufficient to establish a causal link, and noting that "Fifth Circuit precedent on that point, although largely unpublished, fits with the Supreme Court's requirement that the temporal proximity be 'very close' to show causation"). The Court therefore concludes that the sixth month period between Plaintiff's protected activity and his removal is not sufficient to establish causality.

To evaluate causality, the Court also considers whether the plaintiff's employer was aware of the protected activity and whether the plaintiff had any disciplinary history prior to the protected activity. *Barkley,* 433 F. App'x at 260 (citing *Ackel v. Nat'l Commc'ns, Inc.,* 339 F.3d 376, 385 (5th Cir.2003); *Everett v. Cent. Mississippi, Inc. Head Start Program*, 444 F. App'x 38, 47 (5th Cir. 2011). While it is clear from the record that Col. Concha was aware of Plaintiff's protected activity,

7

that fact alone does not establish a causal link. Moreover, Plaintiff does not deny that he had a disciplinary history prior to his protected EEO activity. Plaintiff's disciplinary history weighs against finding a causal link. *See Everett*, 444 F. App'x at 47. The Court therefore determines that Plaintiff has failed to demonstrate a causal connection and has not made a prima facie case for retaliation.

Even if Plaintiff had made a prima facie case, Defendant has articulated two reasons for Plaintiff's removal: (1) failure to follow his supervisors' instructions and (2) disrespectful conduct toward a co-worker. These are legitimate, non-discriminatory reasons for removing Plaintiff. The burden is therefore on Plaintiff to demonstrate that these reasons are pretextual or that retaliation because he filed a previous charge of age discrimination was a motivating factor. Plaintiff has not presented any evidence to this effect. For example, Plaintiff has not presented any evidence that Col. Concha made any comments that were suggestive of a retaliatory motive. Plaintiff's subjective belief that he was retaliated against is insufficient to create a factual issue for trial. *See Bauer*, 169 F.3d at 967. The Court therefore grants summary judgement in favor of Defendant on this issue.

## III.   Non-Discrimination Claims

### A.   *Legal Standard*

Plaintiff alleges he was removed from employment in violation of the Whistle Blower Protection Act of 1989 (WPA). The WPA prohibits employers from taking adverse employment action against an employee because the employee disclosed information "reasonably believed to be evidence of a violation of the law or a gross mismanagement of funds." 5 U.S.C. § 2302(b)(8). In reviewing Plaintiff's claim, the MSPB assumed that Plaintiff's whistle blowing activities were a contributing factor in Defendant's decision to remove him, but found that Defendant would have removed him even in the absence of Plaintiff's whistle blowing. The Court reviews the

MSPB's decision on the non-discrimination claim for abuse of discretion. The Court will uphold the MSPB's decision unless it is "clearly arbitrary and capricious, unsupported by substantial evidence or otherwise not in accordance with the law." *Aldrup v. Caldera*, 274 F.3d 282, 287 (5th Cir. 2001).

  B.  *Analysis*

  The MSPB determined that Defendant had adequate grounds to remove Plaintiff from employment based on the evidence that Plaintiff failed to follow his supervisor's instructions on at least two occasions and that Plaintiff was disrespectful to one of his co-workers on at least one occasion. The Court finds there is a rational connection between Plaintiff's misconduct and Defendant's decision to remove him; the decision was neither arbitrary nor capricious. *See Aldrup*, 274 F.3d at 288 (given the wide discretion granted to administrative agencies in disciplining their employees, removal after three instances of insubordination was not arbitrary and capricious). The Court also finds that the evidence of the Plaintiffs' misconduct was substantial in that a reasonable mind would accept the evidence as adequately supporting the MSPB's decision. *See Corry v. Liberty Life Assur. Co. of Boston,* 499 F.3d 389, 398 (5th Cir.2007). Even if the Court finds evidence that weighs against the MSPB's decision, the Court may not re-weigh the evidence or substitute its own judgment for that of the MSPB. *Warncke v. Harris,* 619 F.2d 412, 416 (5th Cir.1980). The Court therefore upholds the MSPB's decision that Plaintiff's removal did not constitute retaliation in violation of the WPA and grants summary judgment in favor of the Defendant on this issue.

**IV.  Privacy Claim**

  A.  *Legal Standard*

9

Plaintiff alleges that Defendant violated his rights under the Privacy Act by releasing his resume to the Texas Board of Professional Engineers (TBPE). Plaintiff did not raise his privacy claim to the MSPB so the Court reviews the claim for the first time. The Privacy Act provides that "No agency shall disclose any record which is contained in a system of records by any means of communication to any person, or to another agency, except pursuant to a written request by, or with the prior written consent of, the individual to whom the record pertains." 5 U.S.C.A. § 552a. The Privacy Act also provides that where an agency fails to comply with any provision of the Privacy Act, or any rule promulgated thereunder, in such a way as to have an adverse effect on an individual, the individual may bring a civil action against the agency and the district courts of the United States shall have jurisdiction in the matter. 5 U.S.C.A. § 552a.

The Court will grant summary judgment in favor of the defendant unless the plaintiff demonstrates that (1) the information is a "record" in a "system of records;" (2) the agency disclosed the information; (3) the disclosure had an adverse effect on the plaintiff; and (4) the disclosure was willful. *Jacobs v. Nat'l Drug Intelligence Ctr.*, 423 F.3d 512, 516 (5th Cir. 2005). Because Plaintiff is the nonmoving party, the Court will view all facts and inferences in the light most favorable to Plaintiff and resolve all disputed facts in favor of Plaintiff. *See Boudreaux v. Swift Transp. Co., Inc.,* 402 F.3d 536, 540 (5th Cir.2005). Plaintiff established, and Defendant does not dispute, that Mr. Swenty released Plaintiff's resume to the TBPE without Plaintiff's consent. The disputed issues are whether or not the information is a "record" in a "system of records," whether or not the disclosure of that information had an adverse effect of Plaintiff and whether or not the disclosure was willful or intentional.

B.      *Analysis*

Plaintiff has not alleged any facts establishing that his resume constituted a record in system of records. The Court therefore relies on the facts alleged by Defendant to decide this issue. According to Defendant, Plaintiff's resume is not a record in a system of records because it could not be retrieved by Plaintiff's name. The Privacy Act defines a "system of records" as a "a group of any records under the control of any agency from which information is retrieved by the name of the individual or by some identifying number, symbol, or other identifying particular assigned to the individual." 5 U.S.C. § 552a(a)(5). Defendant claims Plaintiff's resume was retrieved by his job description, not his name, and is thus not a record in a system of records. Absent any facts to the contrary, the Court finds that Plaintiff has failed to prove the first element of his privacy claim.

Similarly, Plaintiff has not alleged any facts establishing that the disclosure of his resume had an adverse effect on him. To establish adverse effect, Plaintiff must prove he suffered actual damages as a result of the disclosure. *Doe v. Chao*, 540 U.S. 614, 614 (2004). In his complaint, Plaintiff claims $150,000.00 in damages, but does not identify the actual harms he suffered. *Id.* at 622 (general damages are not authorized for a violation of the Privacy Act). For example, Plaintiff has not alleged that the disclosure of his resume limited his employment opportunities. In fact, Defendant claims, and Plaintiff does not dispute, that Plaintiff has obtained employment as a civil engineer since his involuntary removal from the Army in 2008. The Court determines that Plaintiff failed to demonstrate that he suffered actual harm as the result of the disclosure of his resume and therefore grants summary judgment in favor of Defendant on the privacy claim.

Because the Court has granted summary judgment in favor of Defendant on two separate grounds, the Court will not reach the question of whether Mr. Swenty acted willfully or intentionally

when he disclosed Plaintiff's resume to the TPBE. Even assuming Mr. Swenty did act willfully or intentionally, the Court grants summary judgment to Defendant because Plaintiff failed to establish that  his resume was a record in a system of record and that the disclosure of his resume adversely effected him.

**Conclusion**

The Court finds that Plaintiff failed to raise any genuine issues of material fact so as to defeat Defendant's Motion for Summary Judgment. Accordingly, Defendant's Motion for Summary Judgment (dkt. no. 28) is GRANTED as to all claims.  Defendant's motion to compel (dkt. no. 23) is dismissed as moot.  The Clerk is directed to enter a judgment on behalf of the Defendant.

It is so ORDERED.

SIGNED this 22nd day of June, 2012.

XAVIER RODRIGUEZ
UNITED STATES DISTRICT JUDGE